BONIN, J.,
concurs with reasons.
|,I respectfully concur in the result.
In my view, the only issue which precluded partial summary judgment in this matter is that there is a genuine issue of material fact whether the partnership, or the partners, ratified David Tufts’ purchase of the questioned hedge contracts. “Ratification is a declaration whereby a person gives his consent to an obligation incurred on his behalf by another without authority.” LA. CIVIL CODE ART. 1843. “Tacit ratification results when a person, with knowledge of an obligation incurred on his behalf by another, accepts the benefit of that obligation.” Id.
At the trial David Tufts would bear the burden of proving that his actions were ratified. See Quilio & Assocs. v. Plaquemines Parish Government, 05-0803 (La.App. 4 Cir. 5/10/06), 931 So.2d 1129, 1137. Although the partnership agrees that there are disputed material factual issues regarding ratification, because it contends that they are relevant not to liability but only to damages,[1] the partnership in its motion made no effort to point out to the *48 trial court that there was an absence |¡>of factual support for an essential element of David Tufts’ defense on which David Tufts would bear the burden of proof. See LA. C.C.P. ART. 966 C(2). Thus, David Tufts was not yet required to “produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial.’’ Id. (emphasis added). In any event, David Tufts did produce some factual support from which it may be argued that Albert Crutcher and the other partners tacitly ratified the purchase.
Consequently, on de novo review, I agree that the partial summary judgment should be reversed.

. On this discrete point, I am of the view that the partnership is in error. See LA. CIVIL CODE ART. 1814 ("The effects of confirmation and ratification are retroactive to the date of the confirmed or ratified obligation.”).